26 F.3d 140
 32 U.S.P.Q.2d 1479
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SLATER DEVELOPMENT CORP., Plaintiff-Appellant,
v.
BOWERS MANUFACTURING CO., Masco Industries Inc., Masco
Building Products Corp., Gumersell, Cashden, Inc.,
Vitolite Electric Sales Co., Inc. and
Dom's Electrical Contractors
Inc., Defendants-Appellees.
 No. 93-1520.
 United States Court of Appeals, Federal Circuit.
 May 11, 1994.
 
 Before ARCHER, Chief Judge,* MAYER, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Slater Development Corp. appeals the order of the United States District Court for the Southern District of New York granting summary judgment that the electrical outlet boxes sold by Masco Building Products Corp. do not infringe United States Patent Nos. 4,105,862 and 4,188,854. Slater Development Corp. v. Bowers Manufacturing Co., et al., 91 Civ. 0721, 91 Civ. 5355 (S.D.N.Y. July 9, 1992). We affirm.
 
 
 2
 In response to a charge of infringement, Masco argued that its fastener device did not literally meet the limitation in the asserted claim of the '862 patent that the device include "a relatively thin metal clip receivable in [a] slot having oppositely bent tabs, one of said tabs adapted to engage a threaded fastener," the other tab designed to resist the outward movement of the clip. The district court determined that the evidence presented by Slater in opposition to Masco's motion for summary judgment failed to raise a material issue of fact and that Masco was entitled to a judgment that this limitation was not met as a matter of law.
 
 
 3
 The evidence presented by Slater, including demonstrative figures and expert witness affidavits, pointed to the tabs, labeled 43d, of the Masco clip as the oppositely bent tabs. However, the indicated features do not meet the relevant limitation as they both resist outward movement of the screw. Slater belatedly attempted to argue in its motion for reconsideration that the "oppositely bent tabs" are one tab of each pair labeled 43d and 43c. This argument was contrary to their originally submitted evidence and was untimely.
 
 
 4
 It was not an abuse of discretion for the trial judge to refuse to hear this argument on reconsideration. We disagree with Slater's contention that the argument was made in its original submissions to the trial court. Having been untimely and therefore rejected by the district court, this argument may not properly be made for the first time in this appeal and we decline to further address its merits. It is sufficient to note that if Slater's figures and argument were in error, the error was not so plain on the face of the materials that the trial judge should have questioned the attorney's argument or sought clarification. The burden of that error is properly on Slater who had the obligation to raise a material issue of fact to defeat Masco's motion for summary judgment.
 
 
 5
 On appeal, Slater did not challenge the district court's ruling that the claims of the '854 patent were also not literally infringed but argued that the court erred in granting summary judgment that neither patent was infringed under the doctrine of equivalents. The district court properly determined on the law that the prosecution history of the patents limited the scope of equivalents that Slater may assert. We agree that it may not assert a range of equivalents that would encompass a clip with more than one-point contact with the screw because such a claim scope was given up during prosecution to distinguish the prior art.